RECEIVED

JUL 02 2014

United States Court of Appeals
For The Federal Circuit

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

DIETER STUSSY,                                    **PETITION FOR REVIEW**

      Petitioner,

  vs.

OFFICE OF PERSONNEL MANAGEMENT,

      Respondent.


Dieter Stussy hereby petitions the Court for review of the Final Order of the Merit Systems Protection Board, Docket Number SF-844E-13-0168-I-1, entered on May 7, 2014. The order was received on May 8, 2014. A copy of the Final Order is attached hereto, marked Exhibit A, and made a part hereof.

    DATED:  July 1, 2014.

               MICHAEL J. SCHIFF, A
               PROFESSIONAL LAW CORPORATION

               By
               Michael J. Schiff,
               Attorney for Petitioner
               18321 Ventura Boulevard
               Suite 900
               Tarzana, CA 91356
               Telephone: (818) 981-2131

# EXHIBIT A

## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DIETER STUSSY,

          Appellant,

    v.

OFFICE OF PERSONNEL
   MANAGEMENT,

          Agency.

DOCKET NUMBER
SF-844E-13-0168-I-1

DATE: May 7, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dieter Stussy, Los Angeles, California, pro se.

Linnette Scott, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) action disallowing his application for disability retirement on the basis that it was untimely filed.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision.

## BACKGROUND

In February 2012, the appellant filed an application for disability retirement under the Federal Employees' Retirement System (FERS). Initial Appeal File (IAF), Tab 4, Subtab D at 1-5. OPM issued a reconsideration decision disallowing the application as untimely filed and the appellant filed an appeal with the Board. *Id.*, Subtab 4A; IAF, Tab 1. The issues on appeal were whether the application for disability retirement benefits was timely filed and, if not, whether the appellant was entitled to a waiver of the deadline for timely filing. The applicable statute provides as follows:

> A claim may be allowed under this subchapter only if application is filed with the Office before the employee or Member is separated from the service or within 1 year thereafter. This time limitation may be waived by the Office for an employee or Member who, at the date of separation from service or within 1 year thereafter, is mentally incompetent if the application is filed with the Office within 1 year from the date of restoration of the employee or Member to competency or the appointment of a fiduciary, whichever is earlier.

5 U.S.C. § 8453.

In concluding that the application for disability retirement was untimely filed and that the appellant failed to establish his entitlement to a waiver under this provision, the administrative judge made the following findings: (1) The 1993 removal was changed to a resignation effective February 15, 1994, pursuant to a settlement agreement (Initial Decision (ID) at 5); (2) the appellant's separation from federal service in February 1994 was valid; (ID at 5-6); (3) the appellant was not entitled to a *"Bruner"* presumption of disability because there was nothing in the record to support the proposition that he was separated from employment based on his inability to perform his job duties (ID at 6); (4) while the appellant's medical providers during the period preceding and shortly after his separation concluded that the appellant would benefit from counseling, nothing in the record indicated that the appellant was incapable of making a decision to file an application for disability retirement, and the agency was therefore not obligated under 5 C.F.R. § 844.202 to file an application on the appellant's behalf (ID at 6-7); (5) there was nothing in the record to support the appellant's claim that he filed a request for a FERS benefit through or in conjunction with a tort claim he filed against his former employing agency (ID at 7-8); and (6) the appellant's receipt of Social Security disability benefits does not support a conclusion that he was mentally incompetent during the relevant filing period (ID at 8).

The administrative judge concluded that the record reflected that the appellant was contending with mental health issues following his separation from service but did not support either his claim of mental incompetence at the date of separation or his claim that he filed his application for FERS disability benefits within one year from the date he was restored to competency. ID at 8-9. The judge concluded that the appellant failed to prove by preponderant evidence that he was mentally incompetent at the time of his separation or within one year thereafter. The administrative judge therefore affirmed OPM's decision

dismissing the appellant's application as untimely filed with no basis for waiver of the one-year time limit. ID at 9.

## ANALYSIS

The appellant has failed to make a showing that the initial decision contained erroneous findings of material fact or other legal error.

The Board will grant a petition for review when the petitioner makes a showing that the initial decision contains erroneous findings of material fact. 5 C.F.R. § 1201.115(a). To be material, an alleged factual error must be of sufficient weight to warrant an outcome different from that of the initial decision, and the petitioner must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. *Id.* The Board will not disturb an administrative judge's findings when the judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions of credibility. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

To the extent that the appellant contends that the initial decision contains erroneous findings of material fact, we find that the administrative judge complied with the requirements of *Crosby* and *Broughton* in making detailed findings of fact, and we see no basis for reversing or modifying those findings. We similarly find that the appellant has failed to establish any of the other bases for granting a petition for review under 5 C.F.R. § 1201.115(b)-(d).

The appellant failed to establish that he was entitled to a waiver of the filing deadline on the ground that he was mentally incompetent.

Nothing in the petition for review casts doubt on the administrative judge's conclusion that the appellant was not entitled to a waiver of the time limit for filing his application for disability retirement benefits because he failed to establish that he was mentally incompetent under 5 U.S.C. § 8543 at the time of his separation or within one year thereafter. The test for whether an individual is

mentally incompetent is whether he was unable to handle his personal affairs because of either physical or mental disease or injury. *Rapp v. Office of Personnel Management*, 483 F.3d 1339, 1341 (Fed. Cir. 2007). An individual can meet this standard even if he has "some minimal capacity to manage his own affairs." *McLaughlin v. Office of Personnel Management*, 353 F.3d 1363, 1368 (Fed. Cir. 2004) (quoting *French v. Office of Personnel Management*, 810 F.2d 1118, 1120 (Fed. Cir. 1987)).[2]

The fact that the Social Security Administration awarded the appellant disability benefits under the applicable law "as of February 8, 1993," IAF, Tab 4, Subtab D at 107, would be relevant, though not dispositive, in a merits determination of whether the appellant was entitled to disability retirement benefits under FERS. See *Trevan v. Office of Personnel Management*, 69 F.3d 520, 526 (Fed. Cir. 1995). But such an award has no particular relevance to whether an individual is entitled to a waiver of the time limit for filing an application on the ground that he was mentally incompetent during the relevant time period. *See McLaughlin*, 353 F.3d at 1367; *Rapp*, 483 F.3d at 1341.

None of the medical evidence of record tends to show that the appellant was mentally incompetent, i.e., unable to handle his personal affairs because of either physical or mental disease or injury, during the relevant period, i.e., from the time of his separation on February 15, 1994, or within one year thereafter. *See* IAF, Tab 4, Subtab D, at 5-12 (Oct. 27, 1994 of Dr. Campeau); *id.* at 13-14 (Aug. 27, 1993 report of Dr. King); *id.* at 15 (Oct. 11, 1994 report of Pearl Brown, Licensed Clinical Social Worker). Each of these medical providers concluded that the appellant had psychological problems and recommended treatment to ameliorate those problems, but none of them said anything that

---

[2] *Rapp* and *French* involved applications for disability retirement under the Civil Service Retirement System; *McLaughlin* involved an application under FERS. The waiver provisions of the two statutes are virtually identical and have been construed consistently with one another. *McLaughlin*, 353 F.3d at 1368.

would support a conclusion that the appellant's psychological problems rendered him unable to handle his personal affairs.

We thus agree with the administrative judge that the appellant has failed to show by preponderant evidence that he was mentally incompetent at the time of his separation or within one year after afterward. We find that the administrative judge correctly determined that the appellant failed to establish a basis for waiver of the one-year filing period for disability retirement applications under FERS. Thus the administrative judge appropriately affirmed OPM's decision dismissing the appellant's retirement application.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision constitutes the Board's final decision in this matter. You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

7

States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.


FOR THE BOARD:                    _____

                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.

CERTIFICATE OF SERVICE

I certify that this Order was sent today to each of the following:

Electronic Mail          Dieter Stussy
                         12444 Rochedale Lane
                         Los Angeles, CA 90049

Electronic Mail          Linnette Scott
                         Office of Personnel Management
                         Retirement Services-Appeals, Rm. 4H19
                         1900 E Street, N.W.
                         Washington, DC 20415-3551


| May 7, 2014 | |
| --- | --- |
| (Date) | Jacquelin Wilson |
| | Paralegal Specialist |

## CERTIFICATE OF SERVICE

I certify that I served a copy of the Petition for Review on July 1, 2014 by United States Mail, to each of the following:

Linnette Scott
Office of Personnel Management
Retirement Services-Appeals, Room 4H19
1900 E. Street, N.W.
Washington, D.C. 20415-3551

William D. Spencer
Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419-0002

DATED:   July 1, 2014

_____
Joanne Mills

RECEIVED

# MICHAEL J. SCHIFF
### A PROFESSIONAL LAW CORPORATION

JUL 02 2014

ATTORNEYS

MICHAEL J. SCHIFF*

OF COUNSEL

MARC C. ROSENBERG*

United States Court of Appeals
13321 VENTURA BLVD., SUITE 900
For the Federal Circuit
SHERMAN OAKS, CALIFORNIA 91356
(818) 981-2131   FAX (818) 981-7635
schiff_michael@yahoo.com

*A PROFESSIONAL CORPORATION

July 1, 2014

**VIA FEDERAL EXPRESS**


United States Court of Appeals
 for the Federal Circuit
717 Madison Place, N.W.
Clerk's Office - Room 401
Washington, D.C. 20439

       Re:  Dieter Stussy v. Office of
            Personnel Management

To whom it may concern:

    Enclosed are the original and one copy of a Petition for
Review in connection with the above referenced matter.

    Please file the original, conform the copy, and return the
conformed copy to us in the enclosed, self-addressed, stamped
envelope.

    Also enclosed is our check payable to Court of Appeals in
the sum of $500.00 to cover the filing fee.

    If you have any questions, please contact us immediately.

                Yours very truly,

                Michael J. Schiff

MJS/jm
Encs: