

# U.S. MERIT SYSTEMS PROTECTION BOARD

## Office of the Clerk of the Board

**1615 M Street, N.W.**
**Washington, D.C.  20419-0002**

Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: mspb@mspb.gov

14-3149

## ATTESTATION

I HEREBY ATTEST that the attached index represents a list of the documents comprising the administrative record of the Merit Systems Protection Board in the appeal of Dieter Stussy *v*. Office of Personnel Management, MSPB Docket No. SF-844E-13-0168-I-1, and that the administrative record is under my official custody and control on this date

on file in this Board

July 28, 2014
_____
Date

_____
William D. Spencer
Clerk of the Board

## CERTIFICATE OF SERVICE

I hereby certify that the attached Document(s) was (were) sent as indicated this day to each of the following:


Counsel For Petitioner

U.S. Mail

Michael J. Schiff, Esq.
18321 Ventura Boulevard
Suite 900
Tarzana, CA 91356

Respondent

U.S Mail

Robert E. Kirschman, Director
Commercial Litigation Branch
Civil Division Classification Unit
U.S. Department of Justice
1100 L Street, N.W., Room 12124
Washington, DC  20530


July 28, 2014
(Date)

William D. Spencer
Clerk of the Board

# INDEX

## DIETER STUSSY
v.
## OFFICE OF PERSONNEL MANAGEMENT

MSPB Docket No.   SF-844E-13-0168-I-1

IA-REFORM ACT MERIT

| TAB | VOLUME | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 1 | 1 | Appellant - Initial Appeal | January 02, 2013 |
| 2 | 1 | MSPB - Acknowledgment Order | January 03, 2013 |
| 3 | 1 | Agency - Representative Addition | January 22, 2013 |
| 4 | 2 | Agency - Response File | January 25, 2013 |
| 5 | 1 | Appellant - Change of e-Filing Status | January 29, 2013 |
| 6 | 1 | Appellant - Motion for Summary Judgment | January 29, 2013 |
| 7 | 1 | MSPB - Order Regarding Appellant's January 30, 2013 Motion | January 30, 2013 |
| 8 | 1 | Appellant - Motion for Summary Judgment | January 29, 2013 |
| 9 | 1 | MSPB - Hearing Order | February 05, 2013 |
| 10 | 1 | Appellant - Prehearing Submission | February 11, 2013 |
| 11 | 1 | MSPB - Order and Summary of Prehearing Conference | February 13, 2013 |
| 12 | 1 | Appellant - Appellant's Motion to Compel Discovery | March 01, 2013 |
| 13 | 1 | MSPB - Order | March 05, 2013 |
| 14 | 1 | MSPB - Initial Decision | March 13, 2013 |
| | | **IN A SEPARATE FOLDER** | |
| | 3 | Hearing CD (1) | March 06, 2013 |

*Page 1 of 2*

INDEX

DIETER STUSSY

v.

OFFICE OF PERSONNEL MANAGEMENT

MSPB Docket No.  SF-844E-13-0168-I-1

IA-REFORM ACT MERIT - PETITION FOR REVIEW

| TAB | VOLUME | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|-----|--------|-------------------------|------------------------------|
| 1 | 1 | Appellant - Petition for Review | April 14, 2013 |
| 2 | 1 | MSPB - Petition For Review Acknowledgment Letter | April 19, 2013 |
| 3 | 1 | MSPB - Letter Rejecting Pleading | May 16, 2013 |
| 4 | 1 | MSPB - Final Order | May 07, 2014 |
| 5 | 1 | MSPB - Certificate of Service | May 07, 2014 |

Page 2 of 2

# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD
# WESTERN REGIONAL OFFICE

| | |
|---|---|
| DIETER STUSSY, | DOCKET NUMBER |
| Appellant, | SF-844E-13-0168-I-1 |
| v. | |
| OFFICE OF PERSONNEL | DATE: March 13, 2013 |
| MANAGEMENT, | |
| Agency. | |

Dieter Stussy, Los Angeles, California, pro se.

Linnette Scott, Washington, D.C., for the agency.

**BEFORE**
Franklin M. Kang
Administrative Judge

## INITIAL DECISION

### INTRODUCTION

The appellant filed a timely appeal of the December 3, 2012 final decision of the Office of Personnel Management (OPM or the agency), disallowing his application for disability retirement under the Federal Employees' Retirement System (FERS) on the basis of timeliness. Initial Appeal File (IAF), Tab 1. At the appellant's request, a telephonic hearing was convened on March 6, 2013. IAF, Tabs 1, 9, 11, 13; Hearing Tape (HT). The Board has jurisdiction over this appeal pursuant to 5 U.S.C. § 8461(e)(1) and 5 C.F.R. § 841.308. For the reasons explained below, OPM's final decision is AFFIRMED.

## ANALYSIS AND FINDINGS

Background and Facts

According to the appellant's Individual Retirement Record (IRR) and Standard Forms (SF) 50 in the record, the appellant, with a service computation date in 1988, was removed from his position as a Tax Technician (TT), GS-526-9, on October 15, 1993; retroactively reinstated as a TT effective October 15, 1993; then separated by resignation effective February 15, 1994.  IAF, Tab 4, Subtab E. The record reflects that the removal was based on an October 8, 1993 decision letter issued by the Internal Revenue Service (IRS) Department of Treasury (Treasury) to the appellant in his capacity as a TT, and that this removal was thereafter settled through a written agreement (Settlement).  *Id*.; *see* HT (unsworn statement of the appellant).

On November 18, 1994, Treasury denied the appellant's application for enrollment to practice before the IRS (Application).  *Id*.  The appellant thereafter filed a complaint with the Office of Special Counsel (OSC), alleging, *inter alia,* that Treasury violated the Settlement by denying his Application and that his 1993 termination referenced above was unlawful.  *Id*.  By a letter dated September 29, 1998, OSC closed its file on the appellant's complaint and conveyed the appellant's right to file an appeal with the Board within 65 days. *Id*. at 19.  The appellant does not allege, nor is there anything in the record, to indicate that the Board previously ordered any relief based on the allegations raised by the appellant in his OSC complaint.  *See id*.

By an application dated February 15, 2012, the appellant filed for disability retirement benefits, stating that he was retiring from his position as a TT with a final separation from Federal service date of October 15, 1993.  *Id*. at 5.  The appellant specifies that his creditable Federal service began on July 3, 1988 and ended on October 15, 1993.  *Id*. at 9.

In support of his application for FERS benefits, the appellant submitted the October 27, 1994 clinical psychological report of Eugene Campeau

recommending, *inter alia*, at least one year of therapy twice per week; the August 27, 1993 clinical psychologist report of Marie King, recommending, *inter alia*, at least six months of weekly therapy; and an October 11, 1994 letter written by licensed clinical social worker Pearl Brown stating, *inter alia*, that the appellant had received services from her.  *Id*., Subtab D.  The appellant's submissions to OPM reflect that although the Social Security Administration (SSA) initially denied the appellant's claim for disability benefits based on paranoid disorder, SSA thereafter approved the appellant's claim on January 20, 2012 "as of February 8, 1993."  *Id*.  On September 20, 2012, the agency issued an initial decision that denied his request for disability retirement benefits.  *Id*., Subtab C.

The appellant requested reconsideration arguing, *inter alia*, that his application for benefits should be deemed timely because his separation from Federal service had been rescinded.  *Id*., Subtab B.  On December 3, 2012, the agency issued its final decision affirming its initial decision denying the appellant's request for disability retirement.  *Id*., Subtab A.  The final decision conveyed the appellant's right to file a Board appeal challenging the decision.  *Id*.

On December 31, 2012, attaching a copy of OPM's final decision referenced above, the appellant filed a petition for appeal.  IAF, Tab 1.  In completing Part 3 of MSPB Form 185 challenging OPM's retirement decision, the appellant writes that he was disabled while employed, adding that his current employment status is in dispute.  *Id*.  In addition to completing Part 3 to challenge the OPM retirement decision, the appellant checked three additional blocks in Part 2 of MSPB Form 185 indicating that he was also challenging a removal, claiming a failure to restore, and seeking back pay compensation.  *Id*. The appellant states that he was awarded disability benefits by SSA on or about January 20, 2012, and specifies that he is appealing the denial of a disability pension "on the grounds of not having been timely filed."  *Id*.

Through his prehearing submissions, the appellant clarified that he is challenging OPM's decision to deny his request for disability retirement benefits.

IAF, Tab 10.  During the prehearing conference, the Board identified all issues for adjudication and issued a summary of the prehearing conference.  IAF, Tab 11.  The appellant did not object to the summary.  *See id.* at 2.

Prior to the hearing, the appellant filed various motions, and the Board issued rulings on each of these motions prior to the hearing.  IAF, Tabs 6, 7, 8, 12, 13; HT.  The hearing was convened on March 6, 2013.  HT.  The appellant declined to testify under oath, and the parties did not call any witnesses for the hearing.  *Id*.

Burden of Proof and Applicable Law

The burden of proving entitlement to a retirement benefit is on the applicant for benefits.   5  C.F.R.  § 1201.56(a)(2);  *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986), *cert. denied*, 479 U.S. 1037 (1987); *Fox v. Office of Personnel Management*, 50 M.S.P.R. 602, 605 (1991).  The degree of proof necessary for a party to prevail in such a case is a preponderance of the evidence.  *Id.*  Preponderant evidence is that amount of relevant evidence which a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely true than untrue.  5 C.F.R. § 1201.56(b)(2).

An application for disability retirement under FERS must be filed with an employee's employing agency before the employee separates from service or with the former employing agency or with OPM within one year after the employee's separation.  *See* 5 U.S.C. § 8453; *Pittman v. Office of Personnel Management,* 99 M.S.P.R. 297, (2005); 5 C.F.R. § 844.201(a)(1).  Under FERS, the one year time limit for filing a disability retirement application following an employee's separation from service may be waived if the employee is mentally incompetent at the date of separation or within one year thereafter and if the application is filed with OPM within one year from the date the employee is restored to competency or is appointed a fiduciary, whichever is earlier.  It is the employee's

burden to prove by preponderant evidence that he was mentally incompetent during the relevant filing period. *See Chapman v. Office of Personnel Management,* 110 M.S.P.R. 423; 5 C.F.R. § 1201.56(a)(2). This filing deadline is so important that the Board's reviewing court found that it cannot be waived except based on the statutory mental-competence grounds. *See Deerinwater v. Office of Personnel Management*, 78 F.3d 570, 573 (Fed. Cir. 1996); IAF, Tab 11.

Findings

During the hearing, the appellant argued that his application for FERS benefits was timely because his 1993 removal from the position of TT was reversed, adding that he was also entitled to back pay. HT. As noted in part above, the record similarly reflects that the appellant's October 15, 1993 removal from his TT position was indeed changed to a resignation effective February 15, 1994, with entitlement to back pay, pursuant to the Settlement. IAF, Tab 4, Subtab E. While the 1993 removal was cancelled as asserted by the appellant, the agency's reconsideration decision reflects that it did not rely on the rescinded removal date; rather, the reconsideration decision relied on the February 15, 1994 resignation date as set forth above. To the extent the appellant argues that his February 15, 1994 separation date is incorrect, the appellant's IRR and the final SF-50 in the record, reflect that the appellant was separated from Federal employment on February 15, 1994 as set forth in greater detail above. To the extent discrepancies exist on this issue in the record, the appellant's SF-3107 signed by the appellant on February 15, 2012 identifies an earlier date of October 15, 1993 as the "Date of final separation" from Federal service. *Id*. at 7. Thus, I find no merit to the appellant's first assertion as summarized in this paragraph. *Id*.

The appellant then argues that his February 15, 1994 separation by resignation is not valid, because the agency breached its obligations under the Settlement, referencing the IRS actions above relative to the Application. *Id*.

Notwithstanding the appellant's assertions of an agency breach of the Settlement, there is nothing in the record to indicate that the separation action effective February 15, 1994 was changed; further, there is nothing in the record to indicate that the SF-50 effecting this resignation and/or the IRR similarly reflecting this resignation, were altered thereafter. *See id*.; IAF, Tab 4, Subtab E. For these reasons, I find no merit to the appellant's second assertion as summarized in this paragraph. *Id*.

The appellant argued that if he was separated from his position as a TT, he is entitled to a presumption of disability pursuant to *Bruner v. Office of Personnel Management,* 996 F.2d. 290 (Fed. Cir. 1993), because any resignation was involuntary, and his removal was rescinded. HT. While I have no reason to question the sincerity of the appellant's assertion that his 1993 removal was unwarranted; his 1994 resignation was involuntary; and/or that the Settlement was breached as asserted, there is nothing in the record to indicate that the SF-50 effecting this resignation and/or the IRR similarly reflecting this resignation, were altered thereafter. *See id*.; IAF, Tab 4, Subtab E. More specifically, there is nothing in the record to indicate that the appellant's separation was recast as one based on an inability to perform his job duties. *Id*. For these reasons, I find no merit to the appellant's third assertion as summarized in this paragraph. *Id*. Further, for the reasons set forth in the three paragraphs above, I find by preponderant evidence that the appellant was separated from Federal service effective February 15, 1994.

The appellant then argues that Treasury had a duty to file an application for disability benefits on the appellant's behalf. HT. Under 5 C.F.R. § 844.202, an agency must file an application for disability retirement of an employee when, *inter alia*, the agency concludes that the cause of the underlying conduct is disease or injury, and the employee is institutionalized or the employee is incapable of making a decision to file for disability retirement. 5 C.F.R. § 844.202. Here, while Mr. Campeau, Ms. King, and Ms. Brown each concluded

that the appellant would benefit from counseling as set forth in greater detail above, there is nothing in the record to indicate that the appellant was incapable of making a decision to file for disability retirement pursuant to section 844.202. *Id.*; HT; IAF, Tab 4, Subtab E.  To this point, the appellant's submissions related to his Application and the negotiated Settlement above undermine his assertion that he was incapable of making a decision to file for disability retirement pursuant to section 844.202.   *Id.*   Similarly, although the appellant's psychological reports and LCSW statement recommended counseling as set forth above, there is nothing in these documents to support a conclusion that the appellant was incapable of making a decision to file for disability retirement pursuant to section 844.202.  *Id.*  I find no merit to this argument, and the no merit to related assertion that these circumstances evince mental incompetence for the purposes of his claim related to section 844.302.  *Id.*  For these reasons, I find no merit to the appellant's fourth assertion as summarized in this paragraph. *Id.*

Fifth, the appellant argues that he filed a tort claim against Treasury, and that this tort claim constitutes a claim for the FERS benefits at issue in this appeal.  HT.  The appellant specifies that he timely filed his request for FERS benefits "in the fall of 1993" because he presented an Assistant U.S. Attorney (AUSA) with his claim for, *inter alia*, "a claim of disability as well as the two related torts, and [the AUSA] was clearly aware that the claimant was a federal employee[.]"  IAF, Tab 4, Subtab D at 28.  Indeed, it is undisputed that the appellant's claims in the U.S. District Court for the Central District of California were denied and that this District Court matter was dismissed with prejudice as alleged by the appellant.  *See id.*  Moreover, undisputed that this District Court disposition was thereafter affirmed by the U.S. Court of Appeals for the Ninth Circuit (9th Circuit).  *See id.*  Notwithstanding these Court challenges, there is nothing in the record to support the appellant's assertion that he timely filed a request for FERS benefit either through or in conjunction with a tort claim, prior

to filing the SF-3107 dated February 15, 2012 as set forth above. *Id*.; IAF, Tab 4, Subtab E. Further, there is nothing in the cited opinions to indicate that the appellant raised a claim for FERS benefit when raising his claims in Federal Court. *Id*. To the extent the appellant asserts that he filed additional requests for retirement beyond the SF-3107 specified above, the appellant fails to substantiate any such claim with sufficient evidence. *See* IAF, Tabs 1, 4; HT. For these reasons, I find no merit to the appellant's fifth assertion as summarized in this paragraph. *Id*.

Sixth, the appellant asserts that his receipt of SSA benefits supports a conclusion that he was mentally incompetent during the relevant filing period. HT. As noted above, the record reflects that following his Settlement and separation from Federal service in February 15, 1994, the appellant engaged in a variety of claims including the administrative adjudication of his SSA claim and claims litigated in the District Court and 9th Circuit, directly and through his attorney respectively, as set forth in greater detail above. IAF, Tab 4, Subtab E. While the record indeed reflects that the appellant was contending with mental health issues following his separation from service, these actions do not support his claim of mental incompetence at the date of separation, or his claim that he filed his application for FERS disability benefits within one year from the date he was restored to competency. *See id*.; HT.

Following a careful review of the record evidence, I find that the appellant's application for disability retirement addressed in the reconsideration decision was untimely filed because it was not filed within one year of the appellant's separation from service. Because Congress has addressed the issue by statute, mental incompetence is the only basis for waiver of the one year time limit for disability retirement claims; misinformation or lack of assistance from the appellant's employing agency is not a basis. *See, e.g., Jeter v. Office of Personnel Management,* 71 M.S.P.R. 495, 500 (1996). In this case, while I have no reason to doubt that the appellant had some psychological issues as set forth

above, the record does not support a conclusion that the appellant was mentally incompetent at any point. *Id*. Further, the appellant's administrative litigation before the SSA, District Court litigation, and 9th Circuit litigation, occurring post separation, undermine his assertion of mental incompetence as claimed in this matter.

While the appellant presented evidence and argument that during the one year period following his separation, he had psychological issues as set forth above, I find that the appellant has failed to show by preponderant evidence that he was mentally incompetent at the time of his separation or within one year thereafter. *Id*. Thus, I find he has not established a basis for waiver of the one-year time limit for disability retirement applications under FERS, and OPM's decision dismissing his application as untimely must be affirmed.

## DECISION

The agency's reconsideration decision is AFFIRMED.

FOR THE BOARD:          _____
                        Franklin M. Kang
                        Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on **April 17, 2013**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first. You must establish the date on which you

or your representative received it.  The date on which the initial decision becomes final also controls when you can file a petition for review with the Court of Appeals.  The paragraphs that follow tell you how and when to file with the Board or the federal court.  These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review.  Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record.  You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing.  A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

## Criteria for Granting a Petition or Cross Petition for Review

Pursuant to 5 C.F.R. § 1201.115 (eff. Nov. 13, 2012), the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner

who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h) (eff. Nov. 13, 2012), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than 12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances.

The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first. If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the <u>earlier</u> date of receipt. You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by fax or by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j). If the petition is filed electronically, the online process itself will serve the petition on other e-filers. *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

## JUDICIAL REVIEW

If you are dissatisfied with the Board's final decision, you may file a petition with:

The United States Court of Appeals
for the Federal Circuit
717 Madison Place, NW.
Washington, DC 20439

If your petition to the court "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9) (A)(i), (B), (C), or (D)," you may file your petition for review with the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The right to file a petition for review to any of these courts is limited to the two year period beginning on the December 27, 2012 effective date of the Whistleblower Protection Enhancement Act.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703(b)(1)(B) (5 U.S.C. § 7703(b)(1)(B)). You may read this law, as well as review the Board's regulations and other related material, at our website, http://www.mspb.gov. Additional information about the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about the other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Appellant</u>

Electronic Mail          Dieter Stussy
                         12444 Rochedale Lane
                         Los Angeles, CA 90049

<u>Agency Representative</u>

Electronic Mail          Linnette Scott
                         Office of Personnel Management
                         Retirement Services-Appeals, Rm. 4H19
                         1900 E Street, N.W.
                         Washington, DC 20415-3551

| | |
|---|---|
| March 13, 2013 | |
| (Date) | Pamela Paragas |
| | Paralegal Specialist |

# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DIETER STUSSY,
                Appellant,

    v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                Agency.

DOCKET NUMBER
SF-844E-13-0168-I-1

DATE: May 7, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Dieter Stussy</u>, Los Angeles, California, pro se.

<u>Linnette Scott</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) action disallowing his application for disability retirement on the basis that it was untimely filed.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision.

## BACKGROUND

In February 2012, the appellant filed an application for disability retirement under the Federal Employees' Retirement System (FERS).  Initial Appeal File (IAF), Tab 4, Subtab D at 1-5.  OPM issued a reconsideration decision disallowing the application as untimely filed and the appellant filed an appeal with the Board.  *Id.*, Subtab 4A; IAF, Tab 1.  The issues on appeal were whether the application for disability retirement benefits was timely filed and, if not, whether the appellant was entitled to a waiver of the deadline for timely filing.  The applicable statute provides as follows:

> A claim may be allowed under this subchapter only if application is filed with the Office before the employee or Member is separated from the service or within 1 year thereafter. This time limitation may be waived by the Office for an employee or Member who, at the date of separation from service or within 1 year thereafter, is mentally incompetent if the application is filed with the Office within 1 year from the date of restoration of the employee or Member to competency or the appointment of a fiduciary, whichever is earlier.

5 U.S.C. § 8453.

In concluding that the application for disability retirement was untimely filed and that the appellant failed to establish his entitlement to a waiver under this provision, the administrative judge made the following findings: (1) The 1993 removal was changed to a resignation effective February 15, 1994, pursuant to a settlement agreement (Initial Decision (ID) at 5); (2) the appellant's separation from federal service in February 1994 was valid; (ID at 5-6); (3) the appellant was not entitled to a "*Bruner*" presumption of disability because there was nothing in the record to support the proposition that he was separated from employment based on his inability to perform his job duties (ID at 6); (4) while the appellant's medical providers during the period preceding and shortly after his separation concluded that the appellant would benefit from counseling, nothing in the record indicated that the appellant was incapable of making a decision to file an application for disability retirement, and the agency was therefore not obligated under 5 C.F.R. § 844.202 to file an application on the appellant's behalf (ID at 6-7); (5) there was nothing in the record to support the appellant's claim that he filed a request for a FERS benefit through or in conjunction with a tort claim he filed against his former employing agency (ID at 7-8); and (6) the appellant's receipt of Social Security disability benefits does not support a conclusion that he was mentally incompetent during the relevant filing period (ID at 8).

The administrative judge concluded that the record reflected that the appellant was contending with mental health issues following his separation from service but did not support either his claim of mental incompetence at the date of separation or his claim that he filed his application for FERS disability benefits within one year from the date he was restored to competency. ID at 8-9. The judge concluded that the appellant failed to prove by preponderant evidence that he was mentally incompetent at the time of his separation or within one year thereafter. The administrative judge therefore affirmed OPM's decision

dismissing the appellant's application as untimely filed with no basis for waiver of the one-year time limit.  ID at 9.

## ANALYSIS

<u>The appellant has failed to make a showing that the initial decision contained erroneous findings of material fact or other legal error.</u>

The Board will grant a petition for review when the petitioner makes a showing that the initial decision contains erroneous findings of material fact.  5 C.F.R. § 1201.115(a).  To be material, an alleged factual error must be of sufficient weight to warrant an outcome different from that of the initial decision, and the petitioner must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. *Id.*  The Board will not disturb an administrative judge's findings when the judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions of credibility.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

To the extent that the appellant contends that the initial decision contains erroneous findings of material fact, we find that the administrative judge complied with the requirements of *Crosby* and *Broughton* in making detailed findings of fact, and we see no basis for reversing or modifying those findings. We similarly find that the appellant has failed to establish any of the other bases for granting a petition for review under 5 C.F.R. § 1201.115(b)-(d).

<u>The appellant failed to establish that he was entitled to a waiver of the filing deadline on the ground that he was mentally incompetent.</u>

Nothing in the petition for review casts doubt on the administrative judge's conclusion that the appellant was not entitled to a waiver of the time limit for filing his application for disability retirement benefits because he failed to establish that he was mentally incompetent under 5 U.S.C. § 8543 at the time of his separation or within one year thereafter.  The test for whether an individual is

mentally incompetent is whether he was unable to handle his personal affairs because of either physical or mental disease or injury. *Rapp v. Office of Personnel Management*, 483 F.3d 1339, 1341 (Fed. Cir. 2007). An individual can meet this standard even if he has "some minimal capacity to manage his own affairs." *McLaughlin v. Office of Personnel Management*, 353 F.3d 1363, 1368 (Fed. Cir. 2004) (quoting *French v. Office of Personnel Management*, 810 F.2d 1118, 1120 (Fed. Cir. 1987)).[2]

The fact that the Social Security Administration awarded the appellant disability benefits under the applicable law "as of February 8, 1993," IAF, Tab 4, Subtab D at 107, would be relevant, though not dispositive, in a merits determination of whether the appellant was entitled to disability retirement benefits under FERS. See *Trevan v. Office of Personnel Management*, 69 F.3d 520, 526 (Fed. Cir. 1995). But such an award has no particular relevance to whether an individual is entitled to a waiver of the time limit for filing an application on the ground that he was mentally incompetent during the relevant time period. *See McLaughlin*, 353 F.3d at 1367; *Rapp*, 483 F.3d at 1341.

None of the medical evidence of record tends to show that the appellant was mentally incompetent, i.e., unable to handle his personal affairs because of either physical or mental disease or injury, during the relevant period, i.e., from the time of his separation on February 15, 1994, or within one year thereafter. *See* IAF, Tab 4, Subtab D, at 5-12 (Oct. 27, 1994 of Dr. Campeau); *id.* at 13-14 (Aug. 27, 1993 report of Dr. King); *id.* at 15 (Oct. 11, 1994 report of Pearl Brown, Licensed Clinical Social Worker). Each of these medical providers concluded that the appellant had psychological problems and recommended treatment to ameliorate those problems, but none of them said anything that

---

[2] *Rapp* and *French* involved applications for disability retirement under the Civil Service Retirement System; *McLaughlin* involved an application under FERS. The waiver provisions of the two statutes are virtually identical and have been construed consistently with one another. *McLaughlin*, 353 F.3d at 1368.

would support a conclusion that the appellant's psychological problems rendered him unable to handle his personal affairs.

We thus agree with the administrative judge that the appellant has failed to show by preponderant evidence that he was mentally incompetent at the time of his separation or within one year after afterward. We find that the administrative judge correctly determined that the appellant failed to establish a basis for waiver of the one-year filing period for disability retirement applications under FERS. Thus the administrative judge appropriately affirmed OPM's decision dismissing the appellant's retirement application.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision constitutes the Board's final decision in this matter. You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.


FOR THE BOARD:           _____
                        William D. Spencer
                        Clerk of the Board

Washington, D.C.

CERTIFICATE OF SERVICE

I certify that this Order was sent today to each of the following:


Electronic Mail          Dieter Stussy
                         12444 Rochedale Lane
                         Los Angeles, CA 90049


Electronic Mail          Linnette Scott
                         Office of Personnel Management
                         Retirement Services-Appeals, Rm. 4H19
                         1900 E Street, N.W.
                         Washington, DC 20415-3551


_____                 _____
        May 7, 2014                                  Jacquelin Wilson
          (Date)                                     Paralegal Specialist